IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF LANE

| | |
|---|---|
| ANGEL FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OREGON, by and through its DEPARTMENT OF HUMAN SERVICES; DOE I; DOE II; and DOE III,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT – NEGLIGENCE, NEGLIGENCE PER SE, ABUSE OF A VULNERABLE PERSON, FEDERAL CIVIL RIGHTS VIOLATIONS, MONELL LIABILITY, AND REQUEST FOR JURY TRIAL**<br><br>Not Subject to Mandatory Arbitration<br><br>Amount in controversy: $19,426,000.00<br>Fee authority: ORS 21.160(1)(e)<br>Fee Amount: $1,178.00 |

For her claims for relief against the State of Oregon, by and through its Department of Human Services, a governmental agency ("DHS"); Doe I; Doe II; and Doe III (collectively, "Defendants"), Plaintiff Angel Freeman ("Plaintiff") alleges as follows:

## I. PARTIES & JURISDICTION

1.

Plaintiff Angel Freeman was and is a resident of the State of Oregon.

2.

At all relevant times, defendant Oregon Department of Human Services was a duly authorized agency of Defendant State of Oregon.



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

3.

DHS is responsible for the delivery and administration of programs and services relating to adoption, child welfare, child protective services and foster care, and related functions and services.

4.

Defendants Doe I, Doe II, and Doe III were caseworkers assigned to Plaintiff's case while she was in DHS custody.

5.

Plaintiff's claims arose in Lane County, Oregon, making venue proper in this Court.

6.

Plaintiff's claims arose in Lane County, Oregon, thereby providing this Court with jurisdiction under Oregon law.

7.

When the acts or omissions giving rise to the claims described below occurred, Plaintiff was under the age of 18 years.

8.

At all material times, DHS possessed the legal status of *parens patriae* generally and as to Plaintiff specifically, pursuant to Oregon's duty to protect child safety, and possessed the concomitant power to remove children from the custody of their caregivers.

9.

When the acts or omissions giving rise to the claims described below occurred, Plaintiff was under 18 years of age and was in the legal custody of DHS pursuant to an order of the juvenile court. Accordingly, the tort-claim-notice requirement does not apply to Plaintiff's claims against DHS under ORS 30.275(8)(a).

10.

At all material times, DHS and its agents and employees were in a special relationship with



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

Plaintiff by virtue of DHS's statutory obligations to children in its care generally and to Plaintiff specifically.

11.

As Plaintiff's legal and physical guardian and custodian, DHS owed Plaintiff a duty to provide a safe environment and to protect her from physical, sexual, and emotional mistreatment and injury while she was in DHS's custody and care.

## II. FACTUAL ALLEGATIONS

12.

In or about 2003, when Plaintiff was approximately six years old, DHS became aware that Plaintiff's biological parents could not properly care for her and placed her in foster care. Plaintiff remained in foster care and/or DHS custody until 2015, when she turned eighteen years old.

13.

Over the course of her childhood, Plaintiff was placed in approximately 20 different foster homes by DHS.

14.

Among those placements was a foster home on Lost Creek Road in Lane County, Oregon (the "Lost Creek home"), where Plaintiff was placed from approximately 2005 through 2010.

15.

DHS was responsible for vetting and/or otherwise certifying the adults with whom, and the facilities in which, Plaintiff was placed during her time in DHS custody.

16.

During her time in DHS custody, Plaintiff was subjected to physical, sexual, and emotional abuse in foster care. She was placed in the homes by, and under the direction and supervision of, DHS.

17.

At the Lost Creek home, Plaintiff was sexually abused by Robert, her foster father.



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

18.

When Plaintiff's foster mother left the home, Robert would take Plaintiff to his bedroom, touch her private areas, and lick her private areas.

19.

Plaintiff screamed during the abuse, but Robert did not stop.

20.

Plaintiff later disclosed the abuse to foster parents in a subsequent placement. A police officer was contacted, and Plaintiff provided a recorded statement concerning the abuse.

21.

Plaintiff also provided a recorded statement concerning the abuse to the foster care program.

22.

Plaintiff experienced neglect and sexual abuse at the hands of foster parents and/or other persons during her foster placements while in DHS custody. The abuse was later documented by Plaintiff's treaters and DHS.

23.

Aside from the Lost Creek home, Plaintiff does not recall all of the various homes in which she was placed by DHS.

24.

DHS became aware that Plaintiff was being physically, sexually, and mentally abused while in DHS custody. The abuse included, but was not limited to:

a. Being subjected to sexual acts by adults, including Robert and other foster parents or persons associated with foster homes in which Plaintiff was placed;

b. Enduring neglect, forced isolation, humiliation, dehumanization, and other denigrating experiences;

c. Being forced to perform manual labor ill-suited to a child of Plaintiff's age, including



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

changing colostomy bags for elderly adults taken in by foster parents, dispensing medications, and performing extensive cleaning tasks; and

d. Enduring other physical, sexual, and verbal abuse by foster care providers and/or other care providers while in DHS custody.

25.

DHS placed and/or kept Plaintiff with foster parents responsible for her care during the above-referenced events, including after learning of those events. Before placing Plaintiff in the Lost Creek home and other foster homes during the relevant period, DHS knew or reasonably should have known that she was at risk of the abuse, neglect, and dehumanization she experienced.

26.

Despite the knowledge articulated above, DHS failed to intervene adequately to protect Plaintiff while she was under the care, custody, and control of DHS.

27.

The abuse and resulting trauma prevented Plaintiff from understanding or appreciating the nature and extent of her injuries, identifying the persons and entities legally responsible for those injuries, or recognizing the causal connection between her injuries and DHS's placement, monitoring, and protective failures.

28.

Plaintiff did not discover, and in the exercise of reasonable care could not have discovered, the causal connection between her injuries and DHS's acts and omissions more than two years before commencement of this action. Information concerning DHS's knowledge, placement decisions, monitoring, and response to reports of abuse remains within DHS's possession and control, including in Plaintiff's complete and unredacted DHS case file.

29.

Due to the conduct, actions, and inactions described herein, Plaintiff suffered physical and sexual abuse for years, requiring past and future reasonable and necessary therapy and treatment



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

for documented conditions, including depression, anxiety, severe post-traumatic stress disorder ("PTSD"), a personality disorder, social adjustment difficulties, memory loss, traumatic blocking of memories, behavioral deficiencies, cognitive deficiencies, and other related conditions.

30.

Due to the conduct, actions, and inactions described herein and the resulting injuries, Plaintiff will require future reasonable and necessary therapy and treatment.

31.

Plaintiff is now 29 years old and, due to severe PTSD, a personality disorder, and other conditions caused by the abuse, has been unable to obtain or maintain gainful employment. Plaintiff has sustained a significant loss of earning capacity and is reasonably likely to continue to suffer substantial economic loss throughout her work life.

32.

Due to the conduct, actions, and inactions described above and the resulting injuries, Plaintiff suffers from lifelong conditions, including chronic and severe PTSD secondary to sexual and other abuse during her youth while residing in foster care, a personality disorder, severe social anxiety and stress disorders, and trauma-related seizures. These conditions, and any others arising from her prolonged abuse, have caused, continue to cause, and will continue to cause Plaintiff an immense loss of quality of life, including mental anguish, fear, anxiety, distress, permanent impairment, an inability to cope, and an inability to establish meaningful social and intimate relationships, resulting in economic and noneconomic damages in an amount to be determined by a jury.

## III. NEGLIGENCE

33.

Plaintiff realleges Paragraphs 1 through 32 and incorporates each by reference as if set forth fully herein.



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

34.

At the times and places described above, DHS unreasonably created a foreseeable and unreasonable risk of harm to Plaintiff in one or more of the following ways:

a. Failing to monitor appropriately the conditions within Plaintiff's foster homes to determine whether a danger or threat existed that could result in Plaintiff suffering physical, sexual, or mental abuse, when DHS knew or, in the exercise of reasonable care, should have known of those dangers or threats;
b. Failing to screen appropriately Plaintiff's foster homes to determine whether they were qualified to care for foster children such as Plaintiff, when DHS knew or, in the exercise of reasonable care, should have known that the homes were unqualified;
c. Placing Plaintiff with foster parents whom DHS knew or, in the exercise of reasonable care, should have known lacked the capacity to ensure the safety of the children in their care;
d. Keeping Plaintiff in foster homes despite allegations or evidence of continuing sexual, physical, or emotional abuse; and
e. Failing to follow up appropriately on allegations that foster parents and others committed abuse in the foster homes.

35.

DHS acted unreasonably and negligently, and its failures directly and foreseeably resulted in the abuse of Plaintiff on numerous occasions, causing damages, including those described in the preceding paragraphs.

## IV. NEGLIGENCE PER SE

36.

Plaintiff realleges Paragraphs 1 through 35 and incorporates each by reference as if set forth fully herein.

37.

The following Oregon Administrative Rules, as in effect during the relevant period,



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

established minimum standards intended to protect children in DHS custody from the type of harm alleged here. DHS's acts and omissions fell below those minimum standards.

38.

Plaintiff was a member of the class of persons intended to be protected by these minimum standards.

39.

DHS was negligent per se because it violated one or more of the following duties:

a. OAR 413-010-0180(1)(c), concerning the receipt of appropriate care, supervision, and discipline;

b. OAR 413-010-0180(1)(f), concerning protection from physical abuse, sexual abuse, emotional abuse, neglect, and/or exploitation;

c. OAR 413-010-0210(1), requiring the development and implementation of service plans and agreements addressing Plaintiff's needs, rights, and best interests.

40.

As a result of DHS's acts and omissions alleged above, Plaintiff suffered the injuries and damages described above.

**<u>V. ABUSE OF A VULNERABLE PERSON – ORS 124.100 ET SEQ.</u>**

41.

Plaintiff realleges Paragraphs 1 through 40 and incorporates each by reference as if set forth fully herein.

42.

At all material times, Plaintiff was a vulnerable person entitled to protection under ORS 124.100 et seq. During the relevant placements, Plaintiff was a young child in DHS custody who was wholly dependent upon DHS and her foster caregivers for shelter, supervision, care, and protection. Because of her young age, custodial status, dependence upon her abusers and caregivers, and the circumstances of the abuse, her ability to receive and evaluate information



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

effectively, communicate protective decisions, and protect herself was significantly impaired. She therefore lacked the capacity to meet the essential requirements for her physical health and safety and was incapacitated within the meaning of ORS 124.100 and ORS 125.005(5).

43.

The conduct alleged above constituted physical abuse and/or sexual abuse within the meaning of ORS 124.105.

44.

DHS, through its officers, employees, and agents acting within the course and scope of their duties, knowingly failed to act under circumstances in which a reasonable person should have known that Plaintiff was being subjected to physical and sexual abuse, thereby permitting the abuse within the meaning of ORS 124.100(5).

45.

DHS permitted the abuse by failing to respond reasonably to the information, reports, recorded disclosures, placement history, and other circumstances alleged above, and by failing to take reasonable protective action on Plaintiff's behalf.

46.

As a result of DHS's acts and omissions alleged above, Plaintiff suffered the injuries and damages described above and is entitled to an amount equal to three times her economic and noneconomic damages pursuant to ORS 124.100(2)(a) and (b).

47.

As a result of DHS's acts and omissions alleged above, Plaintiff is entitled to reasonable attorney fees pursuant to ORS 124.100(2)(c).

## VI. 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE AGAINST DOES I-III IN THEIR INDIVIDUAL CAPACITIES

48.

Plaintiff realleges Paragraphs 1 through 47 and incorporates each by reference as if set



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

forth fully herein.

49.

This Court has jurisdiction over Plaintiff's claim under 42 U.S.C. § 1983 arising from violations of the Fourteenth Amendment to the United States Constitution.

50.

At all relevant times, Doe I, Doe II, and Doe III acted under color of state law and were responsible for one or more of the placement, monitoring, investigation, case-planning, or protective decisions concerning Plaintiff. Because DHS had taken Plaintiff into custody and placed her in foster care, these Defendants had a special relationship with Plaintiff and owed her a constitutional duty to provide reasonable safety and protection from known substantial risks of serious harm.

51.

On information and belief, one or more of Doe I, Doe II, and Doe III became aware of facts demonstrating a substantial risk that Plaintiff was being, or would be, sexually, physically, or emotionally abused in foster care, including Plaintiff's placement history, reports and recorded disclosures of abuse, and information maintained in her DHS case file. Despite that awareness, those Defendants failed to take reasonable available measures to investigate, monitor, remove Plaintiff from danger, or otherwise protect her. Their individual actions and omissions constituted deliberate indifference to Plaintiff's safety and bodily integrity.

52.

By acting with deliberate indifference while Plaintiff was in state custody, Doe I, Doe II, and Doe III, in their individual capacities, deprived Plaintiff of her Fourteenth Amendment rights to bodily integrity and reasonable safety and protection from known substantial risks of serious harm.

53.

If successful on this claim for relief, Plaintiff is entitled to attorney fees pursuant to 42



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

U.S.C. § 1988.

## VII. MONELL LIABILITY AGAINST OREGON DEPARTMENT OF HUMAN SERVICES – FAILURE TO TRAIN AND SUPERVISE

54.

Plaintiff realleges Paragraphs 1 through 53 and incorporates each by reference as if set forth fully herein.

55.

This Court has jurisdiction over claims alleging violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983.

56.

The violations of Plaintiff's civil rights set forth above resulted from DHS's failure to train Doe I, Doe II, and Doe III properly to identify safe and appropriate foster homes for children in DHS custody, including Plaintiff.

57.

The violations of Plaintiff's civil rights set forth above resulted from DHS's failure to train Doe I, Doe II, and Doe III properly to monitor foster homes after placement, investigate reports and indicators of abuse, and protect Plaintiff and other foster children from abuse by foster parents.

58.

The violations of Plaintiff's civil rights were the direct and proximate result of DHS's failure to supervise Doe I, Doe II, and Doe III properly in their review and assessment of Plaintiff's foster homes before placing Plaintiff in those homes.

59.

The violations of Plaintiff's civil rights were the direct and proximate result of DHS's failure to supervise Doe I, Doe II, and Doe III properly in their continued monitoring of the foster homes after Plaintiff's placements and in their response to reports and indicators of abuse.



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

60.

DHS's failure to train and supervise its caseworkers constituted a policy, custom, or widespread practice of deliberate indifference and was a moving force behind the deprivation of Plaintiff's rights under the Fourteenth Amendment, including her rights to bodily integrity, reasonable safety, and protection from known substantial risks of serious harm while in state custody.

61.

As a direct and proximate result of DHS's deliberate indifference, Plaintiff suffered the injuries and damages set forth above.

62.

If successful on this claim for relief, Plaintiff is entitled to reasonable attorney fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Angel Freeman prays for judgment in her favor and against the responsible Defendants, subject to any statutory limitations only to the extent legally applicable, as follows:

1. $1,200,000.00 in past and future medical expenses;
2. $726,000.00 in past lost wages and earning capacity;
3. $2,500,000.00 in future lost wages and earning capacity;
4. $15,000,000.00 in noneconomic damages;
5. Her costs and disbursements incurred herein; and
6. Reasonable attorney fees pursuant to ORS 124.100(2)(c) and 42 U.S.C. § 1988.

DATED this 23rd day of September, 2026.



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

LAW OFFICES OF GOLDBERG & LOREN, P.A.
/s/ Matthew Kaufmann
Matthew Kaufmann, OSB 212749
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
Phone: (800) 719-1617
pleadings@goldbergloren.com
*Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF LANE

| | |
|---|---|
| ANGEL FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OREGON, by and through its DEPARTMENT OF HUMAN SERVICES; DOE I; DOE II and DOE III,<br><br>Defendants. | Case No.: 26CV50731<br><br>**SUMMONS** |

TO: State of Oregon, by and through its Department of Human Services
Attorney General of Oregon
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

NOTICE TO DEFENDANT:

READ THESE PAPERS CAREFULLY



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

You must "appear" in this case or the other side will win automatically. To appear you must file with the court a legal paper called a motion or answer. The motion or answer must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's lawyer or, if the plaintiff does not have a lawyer, proof of service on the plaintiff.

If you have any questions, you should see a lawyer immediately. If you need help in finding a lawyer, you may call the Oregon State Bar's Lawyer Referral Service at 503-6843763 or toll-free in Oregon at 800-452-7636.

DATED this 29th day of September 2026.

LAW OFFICES OF GOLDBERG & LOREN, P.A.

/s/ Matthew Kaufmann
Matthew Kaufmann, OSB 212749
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
Phone: (800) 719-1617
pleadings@goldbergloren.com
*Attorney for Plaintiff*

***TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS***

You are hereby directed to serve a true copy of this summons, together with true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom this summons is directed, and to make proof of service of the same.

LAW OFFICES OF GOLDBERG & LOREN, P.A.

/s/ Matthew Kaufmann
Matthew Kaufmann, OSB 212749
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
Phone: (800) 719-1617
pleadings@goldbergloren.com
*Attorney for Plaintiff*

10/5/2026 9:06 AM
26CV50731

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR LANE COUNTY

**Angel Freeman**
Plaintiff/Petitioner

vs.

**State of Oregon, by and through its Department of Human Services; ET AL.**
Defendant/Respondent

Cause No.: **26CV50731**

DECLARATION OF SERVICE OF
**SUMMONS; COMPLAINT**

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a resident of the State of Oregon, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **1st day of October, 2026** at **11:05 AM** at the address of **1162 Court St NE, Salem, Marion, OR 97301-4095**; this declarant served the above described documents upon **Department of Human Services - Attorney General of Oregon**, by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Kyleigh Gray**, **I delivered the documents to Kyleigh Gray who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact 45-55 years of age, 5'6"-5'8" tall and weighing 120-140 lbs.**

No information was provided or discovered that indicates that the subjects served are members of the U.S. military.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

Date: 10/01/2026

**William Coleman**
**1945 High St SE, Salem, OR 97302 971-375-3399**

REF: **AngelFreeman**

ORIGINAL DECLARATION
OF SERVICE

Tracking #: **0244374362** PDX FIL

9/29/2026 9:06 AM
26CV50731

RECEIVED
OCT 01 2026
APPELLATE DIVISION
SALEM, OR 97301
11:03 am
CS

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF LANE

| | |
|---|---|
| ANGEL FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OREGON, by and through its DEPARTMENT OF HUMAN SERVICES; DOE I; DOE II and DOE III,<br><br>Defendants. | Case No.: 26CV50731<br><br>**SUMMONS** |

TO: State of Oregon, by and through its Department of Human Services
Attorney General of Oregon
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

NOTICE TO DEFENDANT:
READ THESE PAPERS CAREFULLY



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

You must "appear" in this case or the other side will win automatically. To appear you must file with the court a legal paper called a motion or answer. The motion or answer must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's lawyer or, if the plaintiff does not have a lawyer, proof of service on the plaintiff.

If you have any questions, you should see a lawyer immediately. If you need help in finding a lawyer, you may call the Oregon State Bar's Lawyer Referral Service at 503-6843763 or toll-free in Oregon at 800-452-7636.

DATED this 29th day of September 2026.

LAW OFFICES OF GOLDBERG & LOREN, P.A.

/s/ Matthew Kaufmann
Matthew Kaufmann, OSB 212749
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
Phone: (800) 719-1617
pleadings@goldbergloren.com
*Attorney for Plaintiff*

***TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS***

You are hereby directed to serve a true copy of this summons, together with true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom this summons is directed, and to make proof of service of the same.

LAW OFFICES OF GOLDBERG & LOREN, P.A.

/s/ Matthew Kaufmann
Matthew Kaufmann, OSB 212749
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
Phone: (800) 719-1617
pleadings@goldbergloren.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF LANE

| | |
|---|---|
| ANGEL FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OREGON, by and through its DEPARTMENT OF HUMAN SERVICES; DOE I; DOE II; and DOE III,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT – NEGLIGENCE, NEGLIGENCE PER SE, ABUSE OF A VULNERABLE PERSON, FEDERAL CIVIL RIGHTS VIOLATIONS, MONELL LIABILITY, AND REQUEST FOR JURY TRIAL**<br><br>Not Subject to Mandatory Arbitration<br><br>Amount in controversy: $19,426,000.00<br>Fee authority: ORS 21.160(1)(e)<br>Fee Amount: $1,178.00 |

For her claims for relief against the State of Oregon, by and through its Department of Human Services, a governmental agency ("DHS"); Doe I; Doe II; and Doe III (collectively, "Defendants"), Plaintiff Angel Freeman ("Plaintiff") alleges as follows:

## I. PARTIES & JURISDICTION

1.

Plaintiff Angel Freeman was and is a resident of the State of Oregon.

2.

At all relevant times, defendant Oregon Department of Human Services was a duly authorized agency of Defendant State of Oregon.



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

3.

DHS is responsible for the delivery and administration of programs and services relating to adoption, child welfare, child protective services and foster care, and related functions and services.

4.

Defendants Doe I, Doe II, and Doe III were caseworkers assigned to Plaintiff's case while she was in DHS custody.

5.

Plaintiff's claims arose in Lane County, Oregon, making venue proper in this Court.

6.

Plaintiff's claims arose in Lane County, Oregon, thereby providing this Court with jurisdiction under Oregon law.

7.

When the acts or omissions giving rise to the claims described below occurred, Plaintiff was under the age of 18 years.

8.

At all material times, DHS possessed the legal status of *parens patriae* generally and as to Plaintiff specifically, pursuant to Oregon's duty to protect child safety, and possessed the concomitant power to remove children from the custody of their caregivers.

9.

When the acts or omissions giving rise to the claims described below occurred, Plaintiff was under 18 years of age and was in the legal custody of DHS pursuant to an order of the juvenile court. Accordingly, the tort-claim-notice requirement does not apply to Plaintiff's claims against DHS under ORS 30.275(8)(a).

10.

At all material times, DHS and its agents and employees were in a special relationship with



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

Plaintiff by virtue of DHS's statutory obligations to children in its care generally and to Plaintiff specifically.

11.

As Plaintiff's legal and physical guardian and custodian, DHS owed Plaintiff a duty to provide a safe environment and to protect her from physical, sexual, and emotional mistreatment and injury while she was in DHS's custody and care.

## II. FACTUAL ALLEGATIONS

12.

In or about 2003, when Plaintiff was approximately six years old, DHS became aware that Plaintiff's biological parents could not properly care for her and placed her in foster care. Plaintiff remained in foster care and/or DHS custody until 2015, when she turned eighteen years old.

13.

Over the course of her childhood, Plaintiff was placed in approximately 20 different foster homes by DHS.

14.

Among those placements was a foster home on Lost Creek Road in Lane County, Oregon (the "Lost Creek home"), where Plaintiff was placed from approximately 2005 through 2010.

15.

DHS was responsible for vetting and/or otherwise certifying the adults with whom, and the facilities in which, Plaintiff was placed during her time in DHS custody.

16.

During her time in DHS custody, Plaintiff was subjected to physical, sexual, and emotional abuse in foster care. She was placed in the homes by, and under the direction and supervision of, DHS.

17.

At the Lost Creek home, Plaintiff was sexually abused by Robert, her foster father.



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

18.

When Plaintiff's foster mother left the home, Robert would take Plaintiff to his bedroom, touch her private areas, and lick her private areas.

19.

Plaintiff screamed during the abuse, but Robert did not stop.

20.

Plaintiff later disclosed the abuse to foster parents in a subsequent placement. A police officer was contacted, and Plaintiff provided a recorded statement concerning the abuse.

21.

Plaintiff also provided a recorded statement concerning the abuse to the foster care program.

22.

Plaintiff experienced neglect and sexual abuse at the hands of foster parents and/or other persons during her foster placements while in DHS custody. The abuse was later documented by Plaintiff's treaters and DHS.

23.

Aside from the Lost Creek home, Plaintiff does not recall all of the various homes in which she was placed by DHS.

24.

DHS became aware that Plaintiff was being physically, sexually, and mentally abused while in DHS custody. The abuse included, but was not limited to:

a. Being subjected to sexual acts by adults, including Robert and other foster parents or persons associated with foster homes in which Plaintiff was placed;

b. Enduring neglect, forced isolation, humiliation, dehumanization, and other denigrating experiences;

c. Being forced to perform manual labor ill-suited to a child of Plaintiff's age, including



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

changing colostomy bags for elderly adults taken in by foster parents, dispensing medications, and performing extensive cleaning tasks; and

d. Enduring other physical, sexual, and verbal abuse by foster care providers and/or other care providers while in DHS custody.

25.

DHS placed and/or kept Plaintiff with foster parents responsible for her care during the above-referenced events, including after learning of those events. Before placing Plaintiff in the Lost Creek home and other foster homes during the relevant period, DHS knew or reasonably should have known that she was at risk of the abuse, neglect, and dehumanization she experienced.

26.

Despite the knowledge articulated above, DHS failed to intervene adequately to protect Plaintiff while she was under the care, custody, and control of DHS.

27.

The abuse and resulting trauma prevented Plaintiff from understanding or appreciating the nature and extent of her injuries, identifying the persons and entities legally responsible for those injuries, or recognizing the causal connection between her injuries and DHS's placement, monitoring, and protective failures.

28.

Plaintiff did not discover, and in the exercise of reasonable care could not have discovered, the causal connection between her injuries and DHS's acts and omissions more than two years before commencement of this action. Information concerning DHS's knowledge, placement decisions, monitoring, and response to reports of abuse remains within DHS's possession and control, including in Plaintiff's complete and unredacted DHS case file.

29.

Due to the conduct, actions, and inactions described herein, Plaintiff suffered physical and sexual abuse for years, requiring past and future reasonable and necessary therapy and treatment



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

for documented conditions, including depression, anxiety, severe post-traumatic stress disorder ("PTSD"), a personality disorder, social adjustment difficulties, memory loss, traumatic blocking of memories, behavioral deficiencies, cognitive deficiencies, and other related conditions.

30.

Due to the conduct, actions, and inactions described herein and the resulting injuries, Plaintiff will require future reasonable and necessary therapy and treatment.

31.

Plaintiff is now 29 years old and, due to severe PTSD, a personality disorder, and other conditions caused by the abuse, has been unable to obtain or maintain gainful employment. Plaintiff has sustained a significant loss of earning capacity and is reasonably likely to continue to suffer substantial economic loss throughout her work life.

32.

Due to the conduct, actions, and inactions described above and the resulting injuries, Plaintiff suffers from lifelong conditions, including chronic and severe PTSD secondary to sexual and other abuse during her youth while residing in foster care, a personality disorder, severe social anxiety and stress disorders, and trauma-related seizures. These conditions, and any others arising from her prolonged abuse, have caused, continue to cause, and will continue to cause Plaintiff an immense loss of quality of life, including mental anguish, fear, anxiety, distress, permanent impairment, an inability to cope, and an inability to establish meaningful social and intimate relationships, resulting in economic and noneconomic damages in an amount to be determined by a jury.

## III. NEGLIGENCE

33.

Plaintiff realleges Paragraphs 1 through 32 and incorporates each by reference as if set forth fully herein.



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

34.

At the times and places described above, DHS unreasonably created a foreseeable and unreasonable risk of harm to Plaintiff in one or more of the following ways:

a. Failing to monitor appropriately the conditions within Plaintiff's foster homes to determine whether a danger or threat existed that could result in Plaintiff suffering physical, sexual, or mental abuse, when DHS knew or, in the exercise of reasonable care, should have known of those dangers or threats;

b. Failing to screen appropriately Plaintiff's foster homes to determine whether they were qualified to care for foster children such as Plaintiff, when DHS knew or, in the exercise of reasonable care, should have known that the homes were unqualified;

c. Placing Plaintiff with foster parents whom DHS knew or, in the exercise of reasonable care, should have known lacked the capacity to ensure the safety of the children in their care;

d. Keeping Plaintiff in foster homes despite allegations or evidence of continuing sexual, physical, or emotional abuse; and

e. Failing to follow up appropriately on allegations that foster parents and others committed abuse in the foster homes.

35.

DHS acted unreasonably and negligently, and its failures directly and foreseeably resulted in the abuse of Plaintiff on numerous occasions, causing damages, including those described in the preceding paragraphs.

**IV. NEGLIGENCE PER SE**

36.

Plaintiff realleges Paragraphs 1 through 35 and incorporates each by reference as if set forth fully herein.

37.

The following Oregon Administrative Rules, as in effect during the relevant period,



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

established minimum standards intended to protect children in DHS custody from the type of harm alleged here. DHS's acts and omissions fell below those minimum standards.

38.

Plaintiff was a member of the class of persons intended to be protected by these minimum standards.

39.

DHS was negligent per se because it violated one or more of the following duties:

a. OAR 413-010-0180(1)(c), concerning the receipt of appropriate care, supervision, and discipline;

b. OAR 413-010-0180(1)(f), concerning protection from physical abuse, sexual abuse, emotional abuse, neglect, and/or exploitation;

c. OAR 413-010-0210(1), requiring the development and implementation of service plans and agreements addressing Plaintiff's needs, rights, and best interests.

40.

As a result of DHS's acts and omissions alleged above, Plaintiff suffered the injuries and damages described above.

**V. ABUSE OF A VULNERABLE PERSON – ORS 124.100 ET SEQ.**

41.

Plaintiff realleges Paragraphs 1 through 40 and incorporates each by reference as if set forth fully herein.

42.

At all material times, Plaintiff was a vulnerable person entitled to protection under ORS 124.100 et seq. During the relevant placements, Plaintiff was a young child in DHS custody who was wholly dependent upon DHS and her foster caregivers for shelter, supervision, care, and protection. Because of her young age, custodial status, dependence upon her abusers and caregivers, and the circumstances of the abuse, her ability to receive and evaluate information



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

effectively, communicate protective decisions, and protect herself was significantly impaired. She therefore lacked the capacity to meet the essential requirements for her physical health and safety and was incapacitated within the meaning of ORS 124.100 and ORS 125.005(5).

43.

The conduct alleged above constituted physical abuse and/or sexual abuse within the meaning of ORS 124.105.

44.

DHS, through its officers, employees, and agents acting within the course and scope of their duties, knowingly failed to act under circumstances in which a reasonable person should have known that Plaintiff was being subjected to physical and sexual abuse, thereby permitting the abuse within the meaning of ORS 124.100(5).

45.

DHS permitted the abuse by failing to respond reasonably to the information, reports, recorded disclosures, placement history, and other circumstances alleged above, and by failing to take reasonable protective action on Plaintiff's behalf.

46.

As a result of DHS's acts and omissions alleged above, Plaintiff suffered the injuries and damages described above and is entitled to an amount equal to three times her economic and noneconomic damages pursuant to ORS 124.100(2)(a) and (b).

47.

As a result of DHS's acts and omissions alleged above, Plaintiff is entitled to reasonable attorney fees pursuant to ORS 124.100(2)(c).

## VI. 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE AGAINST DOES I-III IN THEIR INDIVIDUAL CAPACITIES

48.

Plaintiff realleges Paragraphs 1 through 47 and incorporates each by reference as if set



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

forth fully herein.

49.

This Court has jurisdiction over Plaintiff's claim under 42 U.S.C. § 1983 arising from violations of the Fourteenth Amendment to the United States Constitution.

50.

At all relevant times, Doe I, Doe II, and Doe III acted under color of state law and were responsible for one or more of the placement, monitoring, investigation, case-planning, or protective decisions concerning Plaintiff. Because DHS had taken Plaintiff into custody and placed her in foster care, these Defendants had a special relationship with Plaintiff and owed her a constitutional duty to provide reasonable safety and protection from known substantial risks of serious harm.

51.

On information and belief, one or more of Doe I, Doe II, and Doe III became aware of facts demonstrating a substantial risk that Plaintiff was being, or would be, sexually, physically, or emotionally abused in foster care, including Plaintiff's placement history, reports and recorded disclosures of abuse, and information maintained in her DHS case file. Despite that awareness, those Defendants failed to take reasonable available measures to investigate, monitor, remove Plaintiff from danger, or otherwise protect her. Their individual actions and omissions constituted deliberate indifference to Plaintiff's safety and bodily integrity.

52.

By acting with deliberate indifference while Plaintiff was in state custody, Doe I, Doe II, and Doe III, in their individual capacities, deprived Plaintiff of her Fourteenth Amendment rights to bodily integrity and reasonable safety and protection from known substantial risks of serious harm.

53.

If successful on this claim for relief, Plaintiff is entitled to attorney fees pursuant to 42



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

U.S.C. § 1988.

## VII. MONELL LIABILITY AGAINST OREGON DEPARTMENT OF HUMAN SERVICES – FAILURE TO TRAIN AND SUPERVISE

54.

Plaintiff realleges Paragraphs 1 through 53 and incorporates each by reference as if set forth fully herein.

55.

This Court has jurisdiction over claims alleging violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983.

56.

The violations of Plaintiff's civil rights set forth above resulted from DHS's failure to train Doe I, Doe II, and Doe III properly to identify safe and appropriate foster homes for children in DHS custody, including Plaintiff.

57.

The violations of Plaintiff's civil rights set forth above resulted from DHS's failure to train Doe I, Doe II, and Doe III properly to monitor foster homes after placement, investigate reports and indicators of abuse, and protect Plaintiff and other foster children from abuse by foster parents.

58.

The violations of Plaintiff's civil rights were the direct and proximate result of DHS's failure to supervise Doe I, Doe II, and Doe III properly in their review and assessment of Plaintiff's foster homes before placing Plaintiff in those homes.

59.

The violations of Plaintiff's civil rights were the direct and proximate result of DHS's failure to supervise Doe I, Doe II, and Doe III properly in their continued monitoring of the foster homes after Plaintiff's placements and in their response to reports and indicators of abuse.



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

60.

DHS's failure to train and supervise its caseworkers constituted a policy, custom, or widespread practice of deliberate indifference and was a moving force behind the deprivation of Plaintiff's rights under the Fourteenth Amendment, including her rights to bodily integrity, reasonable safety, and protection from known substantial risks of serious harm while in state custody.

61.

As a direct and proximate result of DHS's deliberate indifference, Plaintiff suffered the injuries and damages set forth above.

62.

If successful on this claim for relief, Plaintiff is entitled to reasonable attorney fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Angel Freeman prays for judgment in her favor and against the responsible Defendants, subject to any statutory limitations only to the extent legally applicable, as follows:

1. $1,200,000.00 in past and future medical expenses;
2. $726,000.00 in past lost wages and earning capacity;
3. $2,500,000.00 in future lost wages and earning capacity;
4. $15,000,000.00 in noneconomic damages;
5. Her costs and disbursements incurred herein; and
6. Reasonable attorney fees pursuant to ORS 124.100(2)(c) and 42 U.S.C. § 1988.

DATED this 23rd day of September, 2026.





Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com

LAW OFFICES OF GOLDBERG & LOREN, P.A.
/s/ Matthew Kaufmann
Matthew Kaufmann, OSB 212749
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
Phone: (800) 719-1617
pleadings@goldbergloren.com
*Attorneys for Plaintiff*



Law Offices of Goldberg & Loren, P.A.
6500 S. Macadam Avenue, Suite 380
Portland, Oregon 97239
(800) 719-1617
pleadings@goldbergloren.com